**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| **LISA A. DIXON DUNN,** | )<br>) |
| Plaintiff, | )<br>) Case No. EDCV 15-1620 AJW |
| v. | )<br>) MEMORANDUM OF DECISION |
| **CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,** | )<br>)<br>)<br>) |
| Defendant. | )<br>) |

Plaintiff filed this action seeking reversal of the decision of defendant, the Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's application for disability insurance benefits. The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

**Administrative Proceedings**

The procedural facts are summarized in the joint stipulation. [See JS 2]. In a written hearing decision that constitutes the Commissioner's final decision in this matter, the Administrative Law Judge ("ALJ") concluded that plaintiff was not disabled because her residual functional capacity ("RFC") did not preclude her from performing alternative jobs available in significant numbers in the national economy. [JS 2; Administrative Record ("AR") 10-22].

**Standard of Review**

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or is based on legal error. Brown-Hunter v. Colvin, 806 F.3d 487, 492 (9th Cir. 2015); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation marks omitted). The court is required to review the record as a whole and to consider evidence detracting from the decision as well as evidence supporting the decision. Robbins v. Soc. Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006); Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002) (citing Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)).

**Discussion**

Plaintiff contends that the ALJ erred in finding that plaintiff could perform the alternate jobs of assembler, inspector, and stuffer identified in the ALJ's decision because the demands of those jobs exceed her RFC as found by the ALJ.

At step five of the sequential evaluation, the Commissioner has the burden of establishing, through the testimony of a VE or by reference to the Medical-Vocational Guidelines, that the claimant can perform alternative jobs that exist in substantial numbers in the national economy. Bruton v. Massanari, 268 F.3d 824, 827 n.1 (9th Cir. 2001). "Where the testimony of a VE is used at step five, the VE must identify a specific job or jobs in the national economy having requirements that the claimant's physical and mental abilities and vocational qualifications would satisfy." Osenbrock v. Apfel, 240 F.3d 1157, 1162-1163 (9th Cir. 2001).

An ALJ may not rely on a VE's testimony regarding the requirements of a particular job without first inquiring whether that testimony conflicts with the DOT. Massachi v. Astrue, 486 F.3d 1149, 1152 (9th Cir. 2007); see Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995) (noting that a rebuttable presumption exists that the job classification information in the DOT controls, and stating that an ALJ may rely on expert

1 testimony that contradicts the DOT "only insofar as the record contains persuasive evidence to support the
2 deviation") (citing Villa v. Heckler, 797 F.2d 794, 798 (9th Cir. 1986)).  Neither the DOT nor the VE's
3 testimony "automatically trumps when there is a conflict." Massachi, 486 F.3d at 1153 (footnote omitted).
4 If an apparent conflict exists, the ALJ must obtain an explanation for it, determine whether the VE's
5 explanation is reasonable, decide whether a basis exists for relying on the VE rather than on the DOT, and
6 explain how he or she resolved the conflict.  Massachi, 486 F.3d at 1152-1153; see SSR 00-4p, 2000 WL
7 1898704, at *2-*4 (stating that before an ALJ can rely on VE testimony, the ALJ must "[i]dentify and obtain
8 a reasonable explanation for any conflicts between occupational evidence provided by VEs" and information
9 in the DOT and "its companion publication, the Selected Characteristics of Occupations Defined in the
10 Revised Dictionary of Occupational Titles," and must "[e]xplain in the determination or decision how any
11 conflict that has been identified was resolved"). This procedural requirement "ensure[s] that the record is
12 clear as to why an ALJ relied on a vocational expert's testimony, particularly in cases where the expert's
13 testimony conflicts with the [DOT]." Massachi, 486 F.3d at 1153.

14       The ALJ found that plaintiff could perform a narrowed range of unskilled light work. [AR 14-15].
15 One of the nonexertional limitations he included in plaintiff's RFC was that plaintiff "would be off task up
16 to approximately 10% of a workday or work week (which is about 48 minutes a day or 4 hours a week)."
17 [AR 15].  The ALJ's hypothetical questions to the vocational expert ("VE") included the limitations
18 incorporated into his RFC finding, including that "the individual would likely be off task up to 10[%] of the
19 work day or work week due to chronic pain." [AR 49].  The VE testified that such a hypothetical person
20 could not perform plaintiff's past relevant work but could perform the alternative jobs of assembler,
21 inspector, and stuffer as set forth in the Dictionary of Occupational Titles ("DOT"). [AR 47-49].  The VE
22 testified that  his testimony was consistent with the DOT. [AR 49]. Based on the VE's testimony, the ALJ
23 concluded that plaintiff retained the RFC to perform those jobs. [AR 21-22].

24       Plaintiff contends that being off-task 10% of a workday or workweek would preclude her from
25 performing any of the jobs identified by the VE at the substantial gainful activity level because she would
26 "miss the equivalent of two days of work per month [and] would be fired from the job.  Most companies
27 would not permit an individual to miss that amount of work on a regular basis." [JS 5].

28       The VE testimony was to the contrary.  He testified that being off-task 10% of the workday or

workweek "would be within most employers' tolerance. So the jobs would remain." [AR 49]. The ALJ then asked if there would be any erosion in the numbers of those jobs available as a result of that limitation, and the VE said "no." [AR 49].

Plaintiff is not a vocational expert. She offers no factual or legal support whatsoever for her conclusory assertion that the 10% off-task limitation included in her RFC would preclude performance of the DOT jobs of assembler, inspector, or stuffer. The VE's testimony on that point was competent evidence and unambiguously contradicts plaintiff's argument. Plaintiff was represented by counsel during the administrative hearing. Plaintiff's counsel had the opportunity to cross-examine the VE and to augment the record after the hearing but did not do so. [See AR 29-51].

Since plaintiff has not pointed to any facts or law supporting her contention, she has not shown the existence of an apparent conflict between the VE's testimony and information in the DOT that the ALJ was required to resolve. See generally Wester v. Colvin, 2015 WL 4608139, at *6 (C.D. Cal. July 31, 2015) (noting that the ALJ was entitled to rely on VE's testimony "when [the] DOT description does not, on its face, conflict with the claimant's RFC"); McBride v. Comm'r of Soc. Sec. Admin., 2014 WL 788685, at *8-*9 (E.D. Cal. Feb. 25, 2014) (holding that ALJ justifiably relied on VE's testimony where there was no apparent conflict between the VE's testimony and the DOT). The ALJ did not err at step five, and his finding that plaintiff's RFC did not preclude performance of the alternative DOT jobs of assembler, inspector, and stuffer is supported by substantial evidence.

**Conclusion**

For the reasons stated above, the Commissioner's decision is supported by substantial evidence and is free of legal error. Accordingly, the Commissioner's decision is **affirmed**.

**IT IS SO ORDERED.**

July 25, 2016

ANDREW J. WISTRICH
United States Magistrate Judge